| | |
|---|---|
| JOSHUA HEDLUND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) No. CR-06-0346-DLJ |
| | ) |
| | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

On February 27, 2009 the Court sentenced Joshua Hedlund ("Hedlund") to a term of thirty-three months in federal custody for a violation of 21 U.S.C. § 856(a)(1). Hedlund self-surrendered on May 11, 2009. Hedlund's original release date was September 13, 2011. However, he lost some good time credit when he was found to have been intoxicated, and his current release date is December 4, 2011.[1] While defendant is currently incarcerated at a facility in Sandstone, Minnesota he has filed his petition in this Court, as this Court sentenced him.

Hedlund has now filed an Emergency Motion for Interruption of Sentence, seeking to have the Court order the Bureau of Prisons to release him for a period of seven days from September 13, 2011 until September 20, 2011 so that he may spend time with his critically ill grandfather.

---

[1] The loss of good time credits is the subject of a 2241 habeas petition currently pending before Judge Phyllis Hamilton, CV 11-3383PJH. Were he to prevail in that action, this Motion would then be moot as Hedlund's September 13, 2011 release date would then be restored.

Hedlund is clear in his papers that he is not seeking a furlough from prison or a temporary release, both of which are acknowledged to be under the sole authority of the Bureau of Prisons. Instead he seeks an "interruption" of his sentence, which would allow him to leave the prison for a specified period of time for the specific purpose of visiting his grandfather. Hedlund asserts that the Court has authority to grant an interruption of a sentence under the All Writs Act, 28 U.S.C. § 1651. To support this proposition, he cites to several unpublished opinions from District courts outside the Ninth Circuit.

There is no controlling case law in the Ninth Circuit addressing whether the All Writs Act confers jurisdiction on a court to grant an Interruption of Sentence. As noted, there are some district court cases outside this Circuit that discuss that issue. See e.g. Bania v. Federal Bureau of Prisons, 2011 WL 882096 (D. Minn.); United States v. Greer, 2010 WL 3279335 (E.D. Wis.); United States v. Reed, 2008 WL 4822045 (C.D. Ill.).

Courts considering this argument have found that the All Writs Act does not independently confer jurisdiction on a court to grant an Interruption of Sentence. See Bania, Greer and Reed, supra. This Court concurs in finding that the All Writs Act does not confer independent jurisdiction on a court to grant an Interruption of Sentence. Moreover, assuming *arguendo* the Court did have jurisdiction over matters of compassionate release which

2

was independent of the traditional authority of the Bureau of Prisons in such matters, this Court would not exercise its discretion to grant Hedlund the requested interruption. As noted by the court in <u>Greer</u>, "absence from family affairs is one of the ordinary incidents of incarceration." <u>Greer</u>, 2010 WL 3279335 at p.1.

Therefore, Hedlund's Motion for Emergency Relief in the form of an "Interruption of Sentence" is DENIED.

IT IS SO ORDERED

Dated: September 9, 2011

D. Lowell Jensen
United States District Judge